**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIMOTHY STANDON, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00845-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THE INSTANT ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 19] |

　　　Plaintiff Ricardo Martinez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's second amended complaint, filed September 16, 2019.

**I.**

**SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Ashcroft v. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On May 22, 2018, when Plaintiff was on his way to the morning medication pass, officers S. Furlong and D. Dozer approached Plaintiff and conduced a marked "brutal search down." Plaintiff advised the officers to take it easy on his spinal cord, but they replied that they did not give a "fuck" about Plaintiff's medical conditions. During the search, Furlong grabbed Plaintiff's leg arm and applied a lot of pressure on the left side of his neck.

On July 14, 2018, at the morning medication pass, as Plaintiff was walking to the yard from the patio, an inmate attacked him from behind, hitting him on the left side of the head, left shoulder, and he was kicked when on the ground. Officer Furlong participated in the incident by giving orders to the

hit man. Sergeant Stane participated in the incident by destroying Plaintiff's eyeglasses by breaking the frames. Plaintiff's legal property was also taken away.

On June 4, 2018, officer D. Dozer called Plaintiff to the medical clinic where Dozer conducted a "roughshod" search worsening Plaintiff's lesions and tumors. Although Plaintiff complained of being in pain, Dozer raised Plaintiff's leg and grabbed the left side of his heck and arm. He continued to bend and twist Plaintiff's right harms.

On August 24, 2018, Plaintiff's primary care physician, Timothy Standon, denied serious medical care. Plaintiff suffers lesions to the head that causes hemorrhage to left ear and irregular flashing headaches. Plaintiff also suffers a major intracerebral flow voids. Plaintiff was denied the recommended evaluation by neurosurgeons at Stanford Medical Center, UCSF, or UCLA. Plaintiff was also denied evaluation by a brain specialist. Plaintiff claims he was denied an MRI of lumbar spine, pain medication and pain management evaluation by the pain committee, diabetes medication, a rescue asthma inhaler, an evaluation for hearing impaired, an operation for a growth of spermatic cord tumor, an operation of a hemorrhoids, incontinence supplies, single cell status, an evaluation for a burning and swollen nose, and prescription eyeglasses.

On July 21, 2019, Warden C. Pfeiffer and officer Herrera retaliated against Plaintiff and hired a person motivated solely by the pay. On this date, when Plaintiff attempted to go back to his cell from the morning medication pass, an inmate attacked him from behind and stabbed Plaintiff in the forehead, left, arm, and punched his left shoulder and mouth causing the loss of several teeth. Notice of the incident was provided to C. Pfeiffer.

On July 21, 2019, after Plaintiff attempted to go back to his cell after morning medication pass, an inmate attacked him from behind his wheelchair and stabbed Plaintiff in the forehead and left arm. The inmate then punched his left shoulder and mouth cutting both lips and causing him to lose two teeth.

///
///
///
///

# III.

# DISCUSSION

## A.    Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

4

Like the prior two complaints, Plaintiff's second amended complaint lacks sufficient factual allegations as to each named Defendant to support a plausible claim for relief. Rather, Plaintiff's second amended complaint contains generalized and conclusory allegations and lacks specific factual allegations about what happened, who was involved, how they were involved, when it occurred, and where it occurred. For example, Plaintiff merely contends that on August 24, 2018, at approximately 10:15 a.m., Dr. Timothy Standon "denied of s[e]rious medical care" upon neurosurgeons' recommendations. (Sec. Am. Compl, ECF No. 19 at 5.) However, Plaintiff has not alleged sufficient factual allegations from which the Court may infer any Dr. Standon acted either intentionally or with deliberate indifference to his medical needs. Plaintiff fails to set forth facts that Dr. Standon was aware of any recommendations, whether he or she was responsible for approving such recommendations, and the effect of the recommendation's denial against this Defendant.

In addition, Plaintiff sets forth several medical treatments and medication for which he claims he was denied, but Plaintiff fails to present facts to demonstrate what happened, who was involved, how they were involved, and where it occurred. Without sufficient factual allegations, the Court simply cannot determine whether Plaintiff states a plausible claim for relief. With respect to a claim that different medical treatment should have been provided, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d at 332. Plaintiff has failed to do so. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### B. Deliberate Indifference to Safety

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177,

1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. at 834, 841; Clem v. Lomeli, 566 F.3d at 1181; Hearns v. Terhune, 413 F.3d at 1040.

Plaintiff makes vague reference to the claim that Defendants Stane, Dozer, Furlong, and Herrera retaliated against Plaintiff and ordered and/or hired an inmate to assault Plaintiff. However, Plaintiff fails to provide specific factual detail to support a finding that Defendants Stane, Dozer, Furlong, and Herrera acted with deliberate indifference to a substantial risk of serious harm to Plaintiff. That is, Plaintiff fails to set forth what Defendants Stane, Dozer, Furlong, and Herrera did to instigate an assault by another inmate. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under section 1983); Ashcroft v. Iqbal, 556 U.S. at 680-84 (conclusory allegations in complaint which amount to nothing more than a "formulaic recitation of the elements" are insufficient under pleading standard in Fed. R. Civ. P. 8 (citations omitted). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to his safety.

**C.      Excessive Force**

To the extent Plaintiff contends that Defendants S. Furlong and D. Dozer used excessive force while conducting a pat-down search, Plaintiff's allegations fail to give rise to a cognizable claim for relief.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff fails to set forth all of the factual circumstances surrounding the alleged use of excessive force. Although Plaintiff contends that Defendants stated they did not give a "fuck" about his medical condition, Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to conduct a search of Plaintiff. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct prior to the alleged use of excessive force, how much force was specifically used, or why Plaintiff believes the amount of force was excessive in light of the alleged search. The facts as alleged fail to give rise to a plausible inference that the actions of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

**D.      Supervisory Liability**

To the extent Plaintiff attempts to hold C. Pfeiffer liable simply because he is the Warden of Kern Valley State Prison, he cannot do so. As Plaintiff was previously advised under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at

1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of specific allegations supporting the existence of a supervisory liability claim against Warden C. Pfeiffer. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Warden C. Pfeiffer.

### E. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Although Plaintiff contends Defendants Stane. Dozer, Furlong, and Herrera retaliated against him, he fails to set forth any factual allegations to support a claim of retaliation because of protected conduct.

///
///
///

### F. Confiscation of Legal Materials and Destruction of Eyeglasses

Plaintiff also contends that Sergeant Stane took "away" his legal property and destroyed his eyeglasses.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claims that Sergeant Stane took "away" his legal property and destroyed his eyeglasses are based on an unauthorized deprivation, which is not actionable under the Fourteenth Amendment. Because Plaintiff's claim reflects a random and unauthorized deprivation of property, it is not cognizable under section 1983. Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation and/or destruction of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable due process claim.

### G. Improper Processing of Inmate Appeals

To the extent Plaintiff is seeking to hold Defendants liable simply because they denied his inmate appeals, Plaintiff fails to state a cognizable claim. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke

its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, Plaintiff cannot state a cognizable claim based on the handling of his inmate appeals.

**H.     Duplicative Claims and Defendants**

Court records indicate that Plaintiff previously filed and has another pending action in this Court in Martinez v. Lewis et al., Case No. 1:19-cv-00812-SAB (PC) (E.D. Cal. filed on April 5, 2019). After several amendments of the complaint in both cases, it is now clear that both cases involve some of the same allegations, and Plaintiff cannot proceed in this Court in two separate actions on the same claims. Plaintiff cannot bring duplicative suits against the same defendant alleging the same claims for relief. Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). "Plaintiff's generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 994 (2008)). From a review of the operative complaints in this both actions, all but the medical claim against Defendant Dr. Standon are duplicative in nature. (Compare ECF No. 19 with ECF No. 17 in 1:19-cv-00812-SAB (PC).)[1] Therefore, the duplicative claims in this later filed action should be dismissed as duplicative. See 28 U.S.C. § 1915(e)(2)(B)(i); see also Adams, 487 F.3d at 692-93 (dismissal of a duplicative lawsuit 'promotes judicial economy and the comprehensive disposition of litigation" finding that a plaintiff is required to bring all claims that relate to the same transaction or event at one time); see also Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that

---

[1] On August 17, 2019, the Court screened Plaintiff's second amended complaint, found no cognizable claims were stated, and granted Plaintiff one final opportunity to amend the complaint within thirty days. (See 1:19-cv-00812-SAB (PC), ECF No. 18.)

a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of then-numbered 28 U.S.C. § 1915(d)).

### IV.

### CONCLUSION AND RECOMMENDATION

Plaintiff's second amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint fails to state a cognizable claim for relief and now includes allegations that are duplicative of a previous action pending in this Court. Based upon the allegations in Plaintiff's original, first and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff medical deliberate indifference claim be dismissed for failure to state a cognizable claim for relief; and

2. All other claims be dismissed for failure to state a cognizable claim for relief and as duplicative.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2019**

_____
UNITED STATES MAGISTRATE JUDGE