UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY STANDON, et al.,<br><br>    Defendants. | No. 1:19-cv-00845-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 22) |

Plaintiff Ricardo Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 24, 2019, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a claim and because plaintiff's claims in this action are duplicative of his claims presented in another action pending before this court, *Martinez v. Lewis*, No. 1:19-cv-00812-SAB (PC). (Doc. No. 22.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 11.) On October 15, 2019, plaintiff filed his objections to those findings and recommendations. (Doc. No. 23.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff does not meaningfully dispute the magistrate judge's finding that his second amended complaint fails to state a cognizable claim. Instead, plaintiff requests the appointment of counsel "for the limited purposes of investigating the claims" and leave to thereafter file a third amended complaint. (Doc. No. 23 at 1.) The magistrate judge, however, has already denied plaintiff's two prior requests for appointment of counsel, finding that he failed to demonstrate exceptional circumstances justifying such appointment. (*See* Doc. Nos. 16, 20.) The undersigned finds that plaintiff's third request for appointment of counsel similarly does not demonstrate exceptional circumstances because plaintiff has not shown a likelihood of success on the merits of his claims, nor does the court find that the legal issues implicated by those claims are complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.") (internal quotation marks and citation omitted). Accordingly, plaintiff's third request for appointment of counsel will be denied.

For the reasons set forth above,

1. The findings and recommendations issued on September 24, 2019 (Doc. No. 22) are adopted;
2. This action is dismissed due to plaintiff's failure to state a cognizable claim for relief;
3. Plaintiff's request for appointment of counsel (Doc. No. 23 at 1) is denied; and
4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **December 10, 2019**

UNITED STATES DISTRICT JUDGE

2